IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEMARIO S. CANNON                                                                                 PLAINTIFF
ADC #155021

v.                                              3:21-cv-00037-KGB-JJV

KEITH BOWERS, Captain,
Craighead County Detention Center, *et al.*                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.     INTRODUCTION

Demario S. Cannon ("Plaintiff") has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was in the Craighead County Detention Center ("CCDC"). (Doc. 14.) His remaining claim is that Sheriff Marty Boyd, Captain Keith Bowers, Officer Ty Frazier, and Corporal Hall did not take proper precautions

1

to prevent him from contracting COVID-19.[1]  (*Id*.)  All other claims and Defendants have been previously dismissed without prejudice.  (Doc. 58).  Plaintiff brings these claims against Defendants in their official and individual capacities.  (Doc. 14.)  And as relief, he seeks $250,000 monetary damages.  (*Id*.)

Defendants have filed a Motion for Summary Judgment.  (Docs. 49-51, 57.)  Despite having two opportunities, Plaintiff has not filed a Response.  (Doc. 55.)  And the time to do so has expired.  Thus, the facts in Defendants' Statement of Undisputed Material Facts (Doc. 51) are deemed admitted.  *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).  After careful consideration and for the following reasons, I recommend the Motion be GRANTED; Plaintiff's claims against Defendants Bowers, Boyd, Frazier, and Hall be DISMISSED with prejudice; and this case be CLOSED.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the

---

[1] It does not appear Plaintiff is alleging these Defendants failed to provide him with adequate medical care once he contracted COVID-19.  (Doc. 14.)  However, if he is, these Defendants are entitled to summary judgment because there is no evidence they were directly involved in his medical care.  And the Court has already granted summary judgment (Doc. 58) to the Defendants who were directly involved in his COVID-19 treatment.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 action, each defendant must have violated the Constitutional through his or her "own individual actions"); *Rusness v. Becker Cnty., Minnesota*, 31 F.4th 606, 616 (8th Cir. 2022) (county, or county employees sued in their official capacities, cannot be held liable if there is no underlying constitutional violation); *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (supervisory liability claim fails, as a matter of law, when there has been no underlying constitutional violation).

evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. FACTS

The facts, which are deemed admitted and supported by the record, are as follows. On July 8, 2020, Plaintiff was booked into the CCDC. (Doc. 52-2.) During intake screening, he denied having any COVID-19 symptoms. (*Id.*) He was then housed in a quarantine pod for seventeen to nineteen days. (Doc. 49-1 at 15-19; Doc. 51.) Because he remained symptom free, Plaintiff was moved to another pod. (*Id.*) On August 17, 2020, the CCDC tested all detainees for COVID-19. (*Id.*) Several of the detainees in Plaintiff's pod tested positive for COVID-19, while he did not. (*Id.*) Jail officials then moved Plaintiff and the other negative detainees into a different pod. (*Id.*)

On August 27, 2020, the CCDC again tested all detainees for COVID-19, and this time Plaintiff tested positive. (*Id.*; Doc. 52-2). The next day, jail officials moved Plaintiff and the other positive detainees into a different pod. (*Id.*) As discussed in detail in my prior Partial

Recommended Disposition, it is undisputed Plaintiff received medical care for his symptoms. (Doc. 56.) Sometime in October 2020, Plaintiff was released from the CCDC. (Doc. 52-2.) Although he returned soon thereafter, it is undisputed Plaintiff did not contract COVID-19 again while confined there. (Doc. 49-1 at 23; Doc. 51.) And in February 2021, he was transferred to the Arkansas Department of Correction. (Doc. 49-1 at 30.)

**IV.   DISCUSSION**

Plaintiff alleges Defendants subjected him to inhumane conditions of confinement when they failed to take adequate COVID-19 precautions. *See Helling v. McKinney*, 509 U.S. 25, 31-27 (1993) (exposure to potential illness is a conditions of confinement claim); *Massick v. N. Cent. Corr. Facility*, 136 F.3d 580, 581 (8th Cir. 1998) (same). The parties agree Plaintiff was a pretrial detainee. (Doc. 14, 57.) Thus, his conditions of confinement claim falls under the Fourteenth Amendment rather than the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020). Under the Fourteenth Amendment, pretrial detainees are presumed innocent and cannot be punished prior to a finding of guilt. *Id*. Thus, detention centers cannot subject pretrial detainees to conditions that "were intentionally punitive." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 538-39). Additionally, conditions can be deemed punishment if they "were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* "If conditions are found to be arbitrary or excessive, it is permissible to infer that the purpose of the governmental action" is punishment. *Id.*; *see also Smith v. Ryals*, 4:21-cv-00074-LPR-JTK, 2022 WL 1529456 (E.D. Ark. Jan. 13, 2022), *rec. adopted as modified*, 2022 WL 1525217 (E.D. Ark. May 12, 2022) (applying *Stearns/Bells* test to a COVID-19 claim raised by a pretrial detainee); *Bearden v. Doe*, No. 4:20-cv-01210-KGB-JTK, 2022 WL 3724757 (E.D. Ark. Mar. 2, 2022), *rec.*

*adopted*, 2022 WL 3718004 (E.D. Ark. Aug. 29, 2022) (same).

### A.   Official Capacity Claim

Plaintiff's claim against Defendants in their official capacities "must be treated as a suit against the County" itself.  *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Counties cannot raise the qualified immunity defense.  *Thurmond v. Andrews*, 972 F.3d 1007, 1013 (8th Cir. 2020); *Mogard v. City of Milbank,* 932 F.3d 1184, 1192 (8th Cir. 2019).  But they may obtain judgment as a matter of law under Fed. R. Civ. P. 56.  Craighead County can be held liable in this § 1983 action if a constitutional violation resulted from: (1) an official policy, (2) an unofficial practice/custom, or (3) a deliberately indifferent failure to train or supervise.  *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016).

Plaintiff says Craighead County subjected him to inhumane conditions of confinement by failing to institute adequate policies and practices to keep him from contracting COVID-19 in August 2020.  But he has not offered <u>any</u> evidence to support that assertion.  In contrast, Defendant Jail Administrator Bowers explains in his sworn affidavit that during 2020, he reviewed the Governor's daily briefings and information from state and national health experts about the proper precautions to be taken to reduce the spread of COVID-19.  (Doc. 49-2.)  Defendant Bowers also says he regularly conferred with the medical staff in an effort to take all appropriate countermeasures, and the jail adjusted their protocols in compliance with the changing and evolving standards as more information about COVID-19 became available.  (*Id*.)  Plaintiff has not refuted that testimony.  To the contrary, during his deposition Plaintiff admitted that, in 2020, the Centers for Disease Control often changed its advisories regarding masks and social distancing.  (Doc. 49-1 at 14-19.)  He also agreed the jail periodically tested detainees for COVID-19 and

5

attempted to separate those who tested positive from those who had not.   (*Id.*)

Clearly, there is no evidence of an express intent to punish Plaintiff.   And nothing in the record suggests the County's policies and practices for reducing the spread of COVID-19 at the detention center were unreasonably related to a legitimate governmental purpose, arbitrary or excessive, or otherwise impermissible punishment.   Nor is there any evidence the County's policies and practices were a moving force behind a constitutional violation.   *Mick v. Raines*, 883 F.3d 1075, 1080 (8th Cir. 2018) (to impose liability under § 1983, the county's policy or practice must be "the moving force behind the constitutional violation").   Accordingly, I conclude Defendants are entitled to summary judgment on Plaintiff's official capacity claim.

### B.   Individual Capacity Claim

Plaintiff also alleges Defendants Hall and Frazier, in their individual capacities, subjected him to unconstitutional conditions of confinement by failing to properly wear protective gear. Defendants argue they are entitled to qualified immunity on this claim. Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021).   Whether qualified immunity applies to the case at hand is a question of law, not fact, for the court to decide.   *Kelsay v. Ernest,* 933 F.3d 975, 981 (8th Cir. 2019). Defendants are entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to Plaintiff, does not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful.   *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *MacKintrush v. Pulaski Cty. Sheriff's Dep't*, 987 F.3d 767,

770 (8th Cir. 2021).   Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first."   *Pearson* 555 U.S. at 236; *Mogard v. City of Milbank*, 932 F.3d 1184, 1188 (8th Cir. 2019).   Defendants assert they are entitled to qualified immunity under both prongs.   And I agree.

Plaintiff says Defendant Hall is liable, in his individual capacity, because in September 2020 he returned to work after having COVID-19 but did not wear a mask.   (Doc. 49-1 at 21-23, 26.)   Even if I presume that to be true, there is no evidence Defendant Hall was contagious when he returned to work.   And, more importantly, it is undisputed Plaintiff tested positive for COVID-19 on August 27, 2020, which was <u>before</u> Defendant Hall allegedly returned to work without wearing his mask.   (*Id*.)   Similarly, Plaintiff says that, on unspecified dates, Defendant Frazier did not wear a mask while coming in or out of the barracks.   (*Id*.)   Again, even if the Court presumes the truth of that assertion, there is no evidence Defendant Frazier had COVID-19 at that time.   And Plaintiff admitted during his deposition he does not know how he contracted COVID-19 in August 2020.   (*Id*.)   To proceed with a § 1983 claim, a plaintiff must have proof of causation.   *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).   Because Plaintiff's causation evidence is lacking, I conclude Defendants are entitled to qualified immunity under the first prong. *See Schaub v. Vonwald*, 638 F.3d 905, 921 (8th Cir. 2011) (a court may dismiss a claim "where the casual link" between the defendant's alleged conduct and the prisoner's injury "is so tenuous as to justify taking it from the trier of fact"); *Latimore v. Widseth*, 7 F.3d 709, 716 (8th Cir. 1993) (dismissal is appropriate where there is no "causal relationship between a defendant's conduct and a plaintiff's constitutional deprivation").

Although that finding alone would be sufficient grounds for dismissal, I also agree Defendants are entitled to qualified immunity based on the second prong.   To be "clearly

established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Presson v. Reed*, 65 F.4th 357, *14 (8th Cir. 2023) (quoting *McDaniel v. Neal*, 44 F.4th 1085, 1088–89 (8th Cir. 2022)). "The pertinent inquiry is whether the state of the law at the time gave the official 'fair warning' that such conduct was unlawful in the situation he confronted." *Wright v. United States,* 813 F.3d 689, 695 (8th Cir. 2015) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

As recognized by other Arkansas district courts, in 2020 the COVID-19 pandemic was a novel situation with constantly evolving and sometimes contradictory recommendations for preventing the spread of the virus. *See Smith,* 2022 WL 1529456 at *3; *Harmon v. Harris*, No. 4:22-cv-00716-BRW-ERE, 2023 WL 1767578 (E.D. Ark. Jan. 10, 2023), *rec. adopted*, 2023 WL 1766482 (E.D. Ark. Feb. 3, 2023); *Wright v. Gibson*, No. 4:21-cv-00280-KGB-PSH, 2022 WL 4717982, at *5 (E.D. Ark. May 2, 2022), *rec. adopted in part, rejected in part*, 2022 WL 4628444 (E.D. Ark. Sept. 30, 2022); *Tate v. Ark. Dept. of Corr.*, No. 4:20-cv-558-BSM-BD, 2020 WL 7378805, at *11 (E.D. Ark. Nov. 9, 2020), *rec. adopted*, No. 4:20-cv-00558-BSM, 2020 WL 7367864 (E.D. Ark. Dec. 15, 2020); *Jones v. Lay*, No. 4:20-cv-1325-BRW-BD, 2021 WL 687342 (E.D. Ark. Jan. 25, 2021), *rec. adopted*, 2021 WL 686667 (E.D. Ark. Feb. 22, 2021). And, importantly, there was no legal precedent clarifying how these uncharted waters should be navigated. Accordingly, these district courts found qualified immunity appropriate because the law was far from clearly established. *Id.* And, I agree. The core of the qualified immunity analysis is that "[o]fficials are not liable for bad guesses in gray areas." *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011). Instead, they are "only liable for transgressing bright lines," of which here there were none. Because the state of the law in 2020 did not give Defendants "fair warning" their conduct in this case was unlawful, I conclude they are also entitled

to qualified immunity under the second prong of the analysis. And I recommend the individual capacity claims be dismissed with prejudice.

## V.   CONCLUSION

IT IS, THERFORE, RECOMMENDED that:

1.   Defendants' Motion for Summary Judgment (Doc. 49) be GRANTED; Plaintiff's claims against Defendants Bowers, Boyd, Frazier, and Corporal Hall be DISMISSED with prejudice; and this case be CLOSED.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and that accompanying Judgment would not be taken in good faith.

Dated this 5th day of May 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE