IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEMARIO S. CANNON**                                                                                     **PLAINTIFF**
**ADC #155021**

v.                                        Case No. 3:21-cv-00037 KGB

**KEITH BOWERS, Captain**
**Craighead County Detention Center,** *et al*.                                              **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 60). Also before the Court are a pending motion for summary judgment filed by Sheriff Marty Boyd, Captain Keith Bowers, Officer Ty Frazier, and Corporal Hall (collectively "County Defendants") and a motion for status filed by plaintiff Demario S. Cannon (Dkt. Nos. 49; 74).

### I.    Background

Mr. Cannon filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 based on alleged violations of his constitutional rights while he was in the Craighead County Detention Center (Dkt. No. 14). He brings these claims based on his contracting COVID-19 (*Id.*). At this stage of the litigation, Mr. Cannon's remaining claim is that County Defendants Sheriff Marty Boyd, Captain Keith Bowers, Officer Ty Frazier, and Corporal Hall did not take proper precautions to prevent him from contracting COVID-19. Mr. Cannon sues County Defendants in their official and individual capacities and seeks $250,000.00 in monetary damages (*Id.*). Mr. Cannon's other claims and the defendants named in those claims have been dismissed without prejudice (Dkt. No. 58). The Court addresses the background of this case to understand the procedural posture, to assess Judge Volpe's pending Recommendation, and to rule on the pending motions.

Judge Volpe, to whom this case is referred for all pretrial matters, issued an initial scheduling order that set the discovery deadline for November 9, 2022, and the deadline to file dispositive motions, also referred to as motions for summary judgment, for December 9, 2022 (Dkt. No. 38).  Defendant Nurse Chassity Hall filed a motion to extend the discovery and dispositive motions deadline, and the remaining defendants joined in this request (Dkt. No. 45). Judge Volpe granted the request and reset the discovery deadline for January 9, 2023, and the dispositive motions deadline for February 9, 2023 (Dkt. No. 46).

On February 7, 2023, County Defendants Sheriff Marty Boyd, Captain Keith Bowers, Ty Frazier, and Corporal Hall, in their individual and official capacities, filed a motion for summary judgment (Dkt. No. 49).  On February 9, 2023, separate defendants Licensed Practical Nurses Hall and Heather Madden filed a motion for summary judgment (Dkt. No. 52).

On March 9, 2023, Judge Volpe entered two Orders (Dkt. Nos. 55, 56).  First, he entered an Order that permitted County Defendants to file a supplemental brief in support of their motion for summary judgment on or before April 10, 2023, and extended to April 24, 2023, Mr. Cannon's time to respond to that motion (Dkt. No. 55, at 4).  Second, as Mr. Cannon's time to respond to defendants Hall and Madden's motion for summary judgment had elapsed without response, Judge Volpe entered a Partial Recommended Disposition recommending that defendants Hall and Madden's motion for summary judgment be granted and that Mr. Cannon's claims against them be dismissed with prejudice (Dkt. No. 56).  Mr. Cannon did not object to Judge Volpe's Partial Recommended Disposition.  This Court adopted that Partial Recommended Disposition and dismissed with prejudice Mr. Cannon's claims against defendants Hall and Madden (Dkt. No. 58).

On March 14, 2023, County Defendants filed a supplemental brief in support of their motion for summary judgment (Dkt. No. 57).  Mr. Cannon again did not respond, either to County

Defendants' original motion for summary judgment or to County Defendants' supplemental motion for summary judgment. On May 5, 2023, Judge Volpe issued the pending Recommendation, recommending among other matters that this Court dismiss with prejudice Mr. Cannon's claims against County Defendants (Dkt. No. 60). Mr. Cannon did not timely object to Judge Volpe's Recommendation.

Then, on June 9, 2023, Mr. Cannon filed a motion to reopen the case and for an extension of time to respond (Dkt. No. 61). This Court entered an Order granting Mr. Cannon's motion, extending by 30 days the deadline for Mr. Cannon to respond to Separate Defendants' motion for summary judgment and to file a motion to reconsider the Court's previous Order granting separate defendants Licensed Practical Nurses Hall and Madden's motion for summary judgment (Dkt. No. 62).

## II. Recent Filings

After entry of that Order, Mr. Cannon filed an affidavit and response to Separate Defendants' motion for summary judgment (Dkt. No. 64) and what the Court construes as a motion to reconsider the Order granting separate defendants Licensed Practical Nurses Hall and Madden's motion for summary judgment (Dkt. No. 67). County Defendants filed a reply to Mr. Cannon's response to their motion for summary judgment (Dkt. No. 71).

## III. Pending Recommendation Regarding County Defendants' Motion

Having reviewed the Recommendation, Mr. Cannon's filings, and the record *de novo*, the Court adopts, in part, Judge Volpe's Recommendation (Dkt. No. 60). With respect to the evidentiary record before it and Mr. Cannon's claims against County Defendants in their official capacity, the Court adopts Judge Volpe's Recommendation in its entirety (*Id.*, at 5-6*)*.

With respect to the evidentiary record before it and Mr. Cannon's claims against County Defendants Boyd, Bowers, Frazier, and Hall in their individual capacity, the Court adopts Judge Volpe's Recommendation in part (*Id.* at 6-9).  The Court concurs that Mr. Cannon's causation evidence is lacking and that, therefore, defendants Boyd, Bowers, Frazier, and Hall are entitled to summary judgment as to Mr. Cannon's claims against them in their individual capacity (*Id.*). Because of Mr. Cannon's failure to prove causation the Court need not, and therefore does not, reach the second question of the qualified immunity analysis and declines to determine whether the constitutional right was clearly established at the time of the alleged violation.  For these reasons, the Court grants County Defendant Boyd, Bowers, Frazier, and Hall's motion for summary judgment (Dkt. No. 49).

### IV.    Motion To Reconsider As To Separate Defendants Licensed Practical Nurses Hall and Madden

Mr. Cannon also filed what he titles a motion to deny the defendants' Nurse Hall and Nurse Madden's motion for summary judgment, which the Court construes as a motion to reconsider the Order granting separate defendants Licensed Practical Nurses Hall and Madden's motion for summary judgment (Dkt. No. 67).

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation omitted).  "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).  The Court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988).

4

Judge Volpe entered a Partial Recommended Disposition recommending that defendants Hall and Madden's motion for summary judgment be granted and that Mr. Cannon's claims against them be dismissed with prejudice (Dkt. No. 56).  Mr. Cannon did not object to Judge Volpe's Partial Recommended Disposition.  This Court adopted that Partial Recommended Disposition and dismissed with prejudice Mr. Cannon's claims against defendants Hall and Madden (Dkt. No. 58).

When assessing Mr. Cannon's motion for reconsideration, the Court has reviewed his motion, brief in support, statement of facts, and affidavit, as well as the record *de novo* (Dkt. Nos. 63; 67–69).  Mr. Cannon's filings do not correct manifest errors of law or fact or present newly discovered evidence that alters the analysis in Judge Volpe's Partial Recommended Disposition, which this Court adopted (Dkt. Nos. 56; 58).  For these reasons, the Court denies Mr. Cannon's motion for reconsideration (Dkt. No. 63).

### V.   Motion For Status

Mr. Cannon filed a motion for status update and notice of change of address (Dkt. No. 74).  The Court grants his motion for status update and directs the Clerk of Court to send to Mr. Cannon a copy of the docket sheet in this case, along with a copy of this Order and the Judgment.

### VI.   Conclusion

The Court adopts, in part, Judge Volpe's Recommendation with regard to County Defendants' motion for summary judgment (Dkt. Nos. 49; 60).  The Court dismisses with prejudice Mr. Cannon's claims against County Defendants Boyd, Bowers, Frazier, and Hall.  The Court denies Mr. Cannon's motion which the Court construes as a motion to reconsider the Order granting separate defendants Licensed Practical Nurses Hall and Madden's motion for summary judgment (Dkt. No. 67).  The Court grants Mr. Cannon's motion for status update (Dkt. No. 74).

Having addressed and ruled on all of Mr. Cannon's claims, the Court directs the Clerk to close this case. A separate Judgment will be entered.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

It is so ordered this the 25th day of March, 2024.

_____
Kristine G. Baker
Chief United States District Judge